UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DONNA K. PEARSON,          )  | |
|     *Plaintiff*,                     )  | |
|                                            )  | |
| *vs.*                                   )  | 2:12-cv-313-JMS-DKL |
|                                            )  | |
| BARCLAY BANK OF DELAWARE, *et al.*,   )  | |
|     *Defendants*.               )  | |

## ORDER

In October 2012, Plaintiff Donna K. Pearson filed this action against Defendants Barclay Bank of Delaware, the CEO of Barclay Bank, the Board Members of Barclay Bank of Delaware, and April Wauat (collectively, "Barclay"), and the Federal Bureau of Investigation (the "FBI") (collectively, the "Defendants"), representing that she had removed it from state court. [Dkts. 1; 1-1 at 1 (checking box on Civil Cover Sheet "Removed from State Court").] Ms. Pearson moved for default judgment against all of the Defendants in November 2012. [Dkts. 3; 4.] The Court denied her request because the record did not show service of process or that the Defendants had waived service of process. [Dkt. 6.]

In response to a Court order directing further proceedings, [dkt. 7], Ms. Pearson filed various documents from an Illinois state court action initiated by Barclay, including a counterclaim she filed in that case against the Defendants that is identical to the claims she asserts in this action. [Dkt. 8-1 at 1, 2.] Included in those documents is a Notice of Removal that Ms. Pearson filed with the Illinois state court, attaching the civil cover sheet she filed with this Court indicating her desire to remove the state action to this federal court. [*Id.* at 4-5.]

Presently pending before the Court is Barclay's Motion to Dismiss for Lack of Service of Process, Lack of Jurisdiction, Lack of Venue, and Failure to State a Claim. [Dkt. 16.] Barclay

- 1 -

argues, among other things, that Ms. Pearson's action must be dismissed because any removal of its Illinois state court action to an Indiana district court contravenes 28 U.S.C. § 1441.  [*Id.* at 7.] In support of its motion, Barclay attaches a chronological case summary from the Illinois state court action, which shows that Ms. Pearson has filed identical documents in this action and the Illinois state court action, including a notice that she did not believe that the Illinois state court had jurisdiction to adjudicate her case in light of her removal to this Court.  [Dkts. 5; 16-1.]  The chronological case summary shows that the Illinois state court ruled against Ms. Pearson after a bench trial on January 22, 2013.  [*Id.* at 2.]  That same day, Ms. Pearson filed a notice of appeal to the Illinois Appellate Court, arguing, among other things, that the trial court's ruling was erroneous because "this case was moved to federal court" and "this case is federal case 2[:]12-cv-0313-JMS[-DKL]."  [Dkt. 16-2 at 2-3.]

      Ms. Pearson does not respond to Barclay's argument concerning the impropriety of her removal under 28 U.S.C. § 1441(a).[1]  [Dkt. 17.]  Courts rely on the parties to know what is best for them and to advance the facts and arguments that entitle them to relief.  *See Greenlaw v. United States*, 554 U.S. 237, 243-44 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present . . . . Our adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief.").  Because Mrs.

---

[1] In her response, Ms. Pearson attacks the Court's impartiality because it denied her previously filed motion for default.  [Dkt. 17 at 2.]  While she stops short of asking for judicial recusal, Ms. Pearson's unsupported insults ignore that a judge is presumed to be impartial, *United States v. Baskes*, 687 F.2d 165, 170 (7th Cir. 1981), and that the Court grounded its denial of Ms. Pearson's motion on the state of the record and requirements of the Federal Rules of Civil Procedure. Impartiality challenges cannot be based upon a mere disagreement with a judge's prior rulings. *Robinson v. Gregory*, 929 F. Supp. 334, 338 (S.D. Ind. 1996); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) (holding that judicial rulings along almost ever constitute a valid basis to challenge partiality).  Accordingly, the Court concludes Ms. Pearson's accusations are baseless and recusal is unnecessary.

Pearson has not provided any argument to support a position that removal to this Court was proper, the Court concludes she has none to offer.

28 U.S.C. § 1441(a) provides that any civil action brought in a state court and over which a federal district court has original jurisdiction "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Filing a removal petition in the wrong district is ordinarily a matter of venue rather than subject matter jurisdiction. *Ahmed v. Chapel*, 2005 U.S. Dist. LEXIS 33817, *2 (S.D. Ind. 2005) (citing *Peterson v. BMI Refractories*, 124 F.3d 1386, 1391 (11th Cir. 1997)). When a case has been filed in the wrong district, a district court may dismiss the action or, in the interests of justice, order a transfer to a district where venue is proper. *Id.*; *see* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

Even assuming that the action Barclay filed against Ms. Pearson in Cumberland County, Illinois was removable to federal court, it could only be removed to the federal district court embracing that county, which is the Southern District of Illinois. *See* United States District Court for the Southern District of Illinois Website, *available at* http://www.ilsd.uscourts.gov/ (listing Cumberland County in its district) (last visited March 21, 2013). Ms. Pearson's attempt to remove the Illinois state court action to the Southern District of Indiana violates 28 U.S.C. § 1441 because this Court does not embrace the place where the state court action at issue was pending.

The Court concludes that although Ms. Pearson's removal to this Court was improper, it is in the interest of justice for the Court to exercise its discretion and transfer this action to the Southern District of Illinois pursuant to § 1406(a) because Ms. Pearson timely filed her removal

within 30 days of Barclay's complaint against her.² [*See* dkt. 16-1 at 2 (Illinois state court chronological case summary noting complaint filed on October 11, 2012); dkt. 1 (Ms. Pearson's removal to this Court filed on October 22, 2012).] This Court has not passed judgment on the merits of the underlying claims or whether federal subject matter jurisdiction exists. *See In re LimitNone, LLC*, 551 F.3d 572, 577 (7th Cir. 2008) (A determination "that venue is improper . . . is not a determination of the claim, but rather a refusal to hear it."). Accordingly, Barclays' Motion to Dismiss, [dkt. 15], will remain pending for the transferee court to address as it sees fit.

For the reasons stated herein, the Court directs the Clerk to **TRANSFER** this action to the Southern District of Illinois pursuant to 28 U.S.C. § 1406(a). No separate judgment will issue because the Court has not ruled on the merits of any claims. The Clerk is further directed to **VACATE** any pending deadlines, conferences, and hearings; **TERMINATE** all pending motions; and **CLOSE** this case on the Court's docket.

03/25/2013

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

DONNA K. PEARSON
23 Illinois Route 130
Greenup, IL 62428

**Distribution via ECF only:**

John David LaDue

---

² Given this result, the Court will not address Barclay's other arguments for dismissal. Although the FBI did not file its own motion, Ms. Pearson's claims against the FBI should remain active with her claims against Barclays and also be transferred to the Southern District of Illinois.

- 5 -

LADUE CURRAN & KUEHN LLC
jladue@lck-law.com